COMPAÑÍA DE LOS FERROCARRILES DE PUERTO RICO, Appellant, v. REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 1091. Submitted July 23, 1941.—Decided August 2, 1941.

*Mariano Acosta Velarde* and *Federico Acosta Velarde* for appellant.
*Pablo Juan Toro, Acting Registrar,* appeared by brief.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Compañía de Ferrocarriles de Puerto Rico, which since 1903 had recorded in the Registry of Property of San Juan, First Section, the concession or franchise for a railroad from San Juan to Ponce via Arecibo, Camuy, Aguadilla, Mayagüez, and Yauco, on June 24, 1941, petitioned the Registrar of Property of San Juan (Second Section), as follows:

". . . I am sending herewith to you a literal certificate of the 6th inscription, in force by substitution for the first one, of property No. 1093, recorded on page 186 of volume 26 of San Juan, which is the starting point, issued by the Honorable Registrar of Property of San Juan (First Section), relative to the concession or franchise for the railroad from San Juan to Ponce via Arecibo, Camuy, Aguadilla,

Mayagüez, and Yauco, acquired by Compañía de los Ferrocarriles de Puerto Rico, in order that you please enter the reference of said concession on the books pertaining to the Municipalities of Bayamón, Toa Baja, Dorado, and Vega Baja lying within the district of the registry under your charge and the territory of which is crossed by said railroad, to the extent set out in the attached deed No. 31, executed in San Juan, Puerto Rico, before the notary, Attorney Cayetano Coll y Cuchí, on September 5, 1911, by Mr. George Villard, on behalf of the American Railroad Company of Puerto Rico, and Don Francisco de Paula Acuña, on behalf of the Compañía de los Ferrocarriles de Puerto Rico; there being located also in the territory crossed by the said railroad, the stations and other component structures belonging to said railroad, as appears from the other deed attached hereto, No. 32, executed in San Juan, Puerto Rico, on September 14, 1911, before the same notary and by the same parties, and which structures you, the registrar, will please include in the aforesaid reference inscriptions, all in accordance with the provisions of Articles 69, 70, 71, and 72 of the Mortgage Law Regulations. As there is involved a single property, whose original inscription in full has been entered as already stated, on page 202, back, of volume 26 of San Juan, property No. 1093, 6th inscription, there are attached hereto a 50-cent stamp to cover the presentation fees, according to the schedule, a 50-cent stamp to cover the fees provided for in the Political Code, and the additional sum of $2 in stamps to cover the fees which may be required for entering the inscriptions or entries requested herein. (*Central Cambalache* v. *Registrar*, 52 P.R.R. 770; *Baetjer* v. *Registrar*, 57 P.R.R. 170.)''

The registrar suspended the records sought on the grounds set forth in the following decision:

''As the undersigned registrar thinks that the sum of three dollars, deposited in internal revenues stamps, is not sufficient to authorize the inscription of the right involved in this document, in any one of the four municipal districts of Bayamón, Toa Baja, Dorado, and Vega Baja, corresponding to the district of this registry, $23 being the required amount for a brief inscription, according to schedule No. 5, Section 22 of Act No. 32 of 1917, since the concession for a railroad is regarded as a single property, it having been held in such case, by the Hon. Supreme Court of Puerto Rico (52 P.R.R. 770), that only one fee should be collected, I, the registrar, requested Attorney Federico Acosta Velarde to deposit the balance, which he

refused to do, and I hereby SUSPEND the inscription sought and I enter this note on the margin of entry 130 of daybook 194, effective for 120 days, in accordance with the provisions of Act No. 39 of 1928, which amended Section 24 of the Act appropriating salaries for the registrars of property, approved in 1904. Two stamps of the value of 50 cents each have been canceled, pursuant to No. 1 schedule and the Political Code. San Juan, Puerto Rico, June 27, 1941.''

Feeling aggrieved by that decision, the company took the present appeal.

██ In the case of *Central Cambalache* v. *Registrar*, 52 P.R.R. 770, cited by the registrar in his decision, there was held, to quote from the syllabus, the following:

"The fact that by reason of a rule for the internal management of registries a consolidated property extending into three municipalities within the territory of a single registry must be recorded in three separate volumes, does not authorize the registrar to require the payment of fees as though three properties and three separate rights were involved."

The application to the case at bar of the doctrine laid down in the above-cited case can not be disputed, as it is an admitted fact that appellant's franchise, ever since 1903, was recorded in the Registry of Property of San Juan, the corresponding fees having been paid. Articles 69 and 71 of the Mortgage Law Regulations provide:

"Art. 69. Concessions for railroads, canals, and other public works of a similar character may be recorded at any time, upon the presentation therefor of the instrument whereby the definite concession of the work may have been granted, whether it be a law, royal provision or public instrument, accompanied by any other documents which determine or modify the rights granted the concessionaire."

"Art. 71. The record of the concessions referred to in article 69 shall be made in the registry of property in the district of which is situated *the starting point of the road or canal, brief reference being made to this original record in the other registries the territory of which is crossed by the public work, in which registries shall*

*be entered, in the books corresponding to the respective municipalities,* the area of the land occupied and the terms of the property rights which may be of special interest in said districts, without the necessity in either case of stating the boundaries of the adjoining states, nor the previous record of the land acquired for the construction of the road or canal." (Italics ours.)

In accordance with the above-quoted provisions of the Mortgage Law Regulations, the record of a concession for a railroad need only be made in the registry of property of the district in which is situated the starting point of said railroad, brief reference being made to such original record in the other registries the territory of which is crossed by the public work, in the books corresponding to the respective municipalities. In the case at bar the original record has already been made in the Registry of Property of San Juan, First Section, and what has been requested from the respondent registrar is that the latter should enter in the books corresponding to the Municipalities of Bayamón, Toa Baja, Dorado, and Vega Baja brief references to said original record. The respondent required the appellant to deposit the sum of $23, as fees for making the brief inscription respecting any one of the above-mentioned municipalities, based on subdivision 5, Section 22 of Act No. 32, approved November 30, 1917 (Session Laws (2) p. 308), which fixes the schedule covering the records or entries, in full or in brief. Said schedule requires that fees should be paid for each estate or right according to its value, and for an estate whose value is between $30,001 to $40,000, the fees to be charged amount to $22. The additional dollar required relates to the entry of presentation and to the Political Code. From the document presented to the respondent registrar it appears that $25 had already been paid in the Registry of Property of San Juan, First Section, when the concession was originally recorded.

Morell y Terry in his *Comentarios a la Legislación Hipotecaria,* vol. 2, p. 62, states that "regarding the conces-

sions for railroads, canals, and other public works, the Royal Decree of February 26, 1867, and, in accordance therewith, the new Regulations provide that the whole of each railroad, canal, etc., is considered as a single property for the purpose of the recording thereof under a single number.'' Since the whole of the railroad must be considered as a single property and the record thereof as a single record, the fees demanded by the respondent registrar should not be charged when the same have already been paid at the time of making the original record. The doctrine of the case of *Baetjer* v. *Registrar,* 57 P.R.R. 170, is applicable to the case at bar. In the cited case, there was involved a property called ''Eastern Sugar Estates,'' situated in four different registration districts. There was presented in the Registry of Property of Caguas a deed of cancellation of certain mortgages constituted on said property, and the corresponding stamps, computed on the basis of the total amount involved, were canceled. Upon the same deed being presented in the Registry of Humacao in order that there should be made an annotation in brief of the cancellation of the mortgages as to the properties situated within the district of said registry, the registrar suspended the cancellation requested for the failure to deposit the corresponding fees in an amount equal to that paid for the same cancellation, already recorded in the other registry. This court, in reversing the decision appealed from, held, quoting from the syllabus, as follows:

''After request has been made for the record of a deed of cancellation of a mortgage constituted on a property which is situated in four different registration districts, and after one of the registrars has collected fees to the same amount that would have been required if that part of the mortgaged property in his district had been separately mortgaged for the whole amount of the mortgage, another registrar, upon presentation of the said deed, cannot demand and collect a like amount, thus compelling the mortgagor to pay four times what he would have been required to pay if he had apportioned the mortgage liability among the various parts of the prop-

erty lying in different registration districts at the time of the execution of the mortgage had there been anything in the law at the time of said execution binding the mortgage creditors and debtors to make such an apportionment or stipulate therefor.''

From the instrument presented in the registry it does not appear that any valuation was made of the concession belonging to the appellant, so that we have been unable to verify the value of from $30,000 to $40,000 which the respondent has assigned to the same. Subdivision 12 of Section 22 of Act No. 32 of 1917 (Sess. Laws (2) p. 308) provides that: ''If the value of a property or right should not appear in the title, the charge shall be on the official valuation of the estate for purposes of taxation.'' But the appellant in accordance with Joint Resolution No. 1, approved May 7, 1927 (Sess. Laws, p. 606), was exempted from the payment of all kind of taxes until the year 1942; so that its concession of franchise has no official valuation for purposes of taxation. This is why the appellant maintains, the respondent registrar agreeing in principle thereto, that the applicable schedule is subdivision 4 of section 22, *supra,* which provides:

''*Special notes, records, and entries.*—When, in consequence of the presentation, no record or entry is made and marginal notes are made, the charge for each one shall be fifty (50) cents.''

Commenting on Article 63 of the Spanish Mortgage Law Regulations, equivalent to Article 71 of our Regulations, Morell explains, at page 168, what is meant by the ''reference inscriptions'' mentioned in said article, thus:

''Reference inscriptions. On the books corresponding to the municipalities or sections of all the registration districts, the territory of which is crossed by the public work, *whether of the same district on which 'the original record has been made or of other different registries, there shall be entered under special number, brief reference inscriptions,* wherein, in accordance with Article 63 of the Regulations, there should be set forth only the character of the concession (canal, principal, secondary, or strategic railroad line, rail-

way, telephone, line, etc.), the special designation (e. g., Isabel II , de San Jorge, etc., or a line from such a place to such a place, etc.), the date of the instrument with the details regarding its execution, and the book, page, number, and registry (it should be municipality and registry) in which the original record was made (date, signature, and fees).''

In accordance with a liberal interpretation of the schedule in force in Puerto Rico (Act No. 32 of 1917, *supra*), we think that the only subdivision applicable to the case at bar, as claimed by the appellant, is number 4, *supra,* since the brief reference inscriptions of which mention is made in Section 71 of the Regulations can not be considered as records in full or in brief, and even if so considered, the corresponding fees were paid when the original record was made in the Registry of Property of San Juan, First Section.

The decision appealed from is reversed and the reference inscriptions sought ordered.

Mr. Justice De Jesús took no part in the decision of this case.